IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH CRAIG VICKERS, #01925934 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv530 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Both Petitioner and Respondent filed objections.

The Magistrate Judge recommended the petition for writ of habeas corpus be denied and dismissed with prejudice. In his objections (Dkt. #29), Petitioner argues that the Magistrate Judge erred in considering the petition without first recognizing federal law on a mixed petition. After the Report and Recommendation was issued, Petitioner filed a motion for leave to amend (Dkt. #24). The motion was denied (Dkt. #26). An amendment would have been barred by the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996. Furthermore, the Report and Recommendation (Dkt. #23) issued prior to Petitioner's motion for leave to amend.

To the extent Petitioner complains about his mixed petition, Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the

state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). To exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals of Texas (TCCA). *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987). Finally, if one or more of a petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition, and the entire petition may be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); *Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir. 1983).

Petitioner argues that he wants to amend his petition to delete the unexhausted claims, and return to the state court. However, if Petitioner would attempt to raise his unexhausted claims now in a subsequently-filed application for state habeas corpus relief, pursuant to Section 4 of Article 11.07 of the Texas Code of Criminal Procedure, it would be dismissed for abuse of the writ. *Nobles v. Johnson,* 127 F.3d 409, 419 (5th Cir. 1997). In the interest of justice, the Court has not dismissed his entire petition, but rather, considered Petitioner's unexhausted claims. It would be futile for Petitioner to return to state court asking for subsequent state habeas corpus relief. *See Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995).

Additionally, Respondent objects to the Court not finding that Petitioner's claim 1(a) is procedurally barred. (Dkt. # 27). In claim 1(a), Petitioner argues that trial counsel was ineffective for failing to seek a lesser-included offense instruction. The Magistrate Judge correctly noted that

Petitioner raised this issue in his Petition for Discretionary Review (Dkt. #23 at 6), and it was procedurally barred, but omitted to include it in the summation list of issues that were procedurally barred.  The omission was clearly an oversight as it is clear that Petitioner raised the issue with the Texas Court of Criminal Appeals and was denied relief.

In conclusion, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect. Respondent correctly notes that issue 1(a) was procedurally barred.

After reviewing the Report and Recommendation and conducting a *de novo* review of objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.  The Court also finds that Petitioner's issue 1(a), that trial counsel was ineffective for failing to seek a lesser-included offense instruction, is procedurally barred.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus(Dkt. # 3) is **DENIED**, and the case is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.  It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 28th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE